STATE, MAYOR, &c., OF THE BOROUGH OF WASHINGTON, &c., PROSECUTORS, v. AMOS FISHER ET AL.

1. Surveyors of highways have jurisdiction to lay out roads in a municipality where the charter does not provide other means of laying out streets.
2. Assessment to estate of I. D., deceased, illegal.
3. Surveyors must adjudicate upon question of damages in respect to lands of all owners not applicants whose lands are taken.
4. Application to amend return must be made to the court where the surveyors are appointed.

On *certiorari.* In matter of road.

Argued at February Term, 1881, before Justices DIXON, REED and PARKER.

For the prosecutors, *J. H. Neighbour.*

For the defendants, *O. Jeffery.*

The opinion of the court was delivered by

PARKER, J. On application of Amos Fisher and others, a public road was laid out by surveyors of the highways in the county of Warren.

Several objections are made to the legality of the return.

It appears that part of the route of the road is within the borough of Washington, and the inhabitants of said borough are directed in the return to pay certain assessments of damages for lands taken within its boundaries, awarded by the surveyors.

A preliminary motion was made by defendants' counsel to dismiss the writ, because not prosecuted in the true corporate name of the prosecutors.

The *certiorari* issued in the name of "The Mayor and Common Council of the Borough of Washington," while the corporate name is "The Inhabitants of the Borough of Washington in the County of Warren."

On application of the prosecutors, they were allowed to amend the proceedings in that respect.

The first reason urged by the prosecutors to set aside the return is that the surveyors of the highways had not jurisdiction to lay out a public road within the limits of the borough of Washington.

Upon examining the act of incorporation of that borough, (*Pamph. L.* 1868, *p.* 76,) it will be found that authority is not given to any of the officers chosen by the inhabitants of the borough to lay out streets. The second section provides that said corporation shall be subject to all the duties, restrictions

and liabilities imposed by the laws of the state upon the inhabitants of the several townships, as far as the same are consistent with that act.

In *State, Pancoast, pros.,* v. *Troth,* 5 *Vroom* 377, it is held that surveyors of the highways may lay out a public road within the limits of an incorporated city, in the absence of special provisions in its charter superseding or excluding the means of procuring new highways within the boundaries of the city.

The surveyors of the highways had the right to lay this road ; and if their proceedings are legal, the return will be held valid.

But there are fatal defects in the return of the surveyors.

Damages are assessed in favor of the *estate* of Imlay Drake. This has been repeatedly held not to be a good assessment.

Again, no adjudication on the subject of damages is made to some of the owners of land over which the road would pass, said owners not being applicants. The return states, and the map shows, the route of the road to be over lands of the Morris and Essex Railroad Company. This company did not apply, and there is no adjudication as to damages in respect to their lands. The surveyors should adjudicate as to damages which each land-owner, not an applicant for the road, may be entitled to. *State* v. *Everitt,* 3 *Zab.* 378 ; *State* v. *Cooper, Id.* 381 ; *State* v. *Oliver,* 4 *Zab.* 129 ; *State* v. *Fisher,* 2 *Dutcher* 129 ; *State, Charlier, pros.,* v. *Woodruff,* 7 *Vroom* 204 ; *State* v. *Garretson,* 3 *Zab.* 388.

The prosecutors in this case may raise these questions. The borough of Washington is, by the return, directed to pay the assessments which have been made, and yet the land-owner to whom no assessment has been awarded can prevent the opening of the road, and thus the public funds be wasted.

In such condition of things, it was not only the right but the duty of the prosecutors to seek relief.

The return, in its present form, is invalid, and will not be recorded. Nor can this court amend it. Proceedings to amend are taken in the Court of Common Pleas, where the surveyors are appointed ; to which court the return will be remitted.